UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERAZZE TAYLOR,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS,

    Defendant.

CASE NO. 3:21-cv-05224-RJB

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

The *in forma pauperis* ("IFP") motion (Dkt. 5) and proposed complaint (Dkt. 1-1) in this matter are before the Court on referral from the District Court, as authorized by Amended General Order 02-19.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss a proposed complaint where a plaintiff seeks to proceed IFP and the proposed complaint fails to state a claim or is frivolous or malicious. Here, plaintiff has failed to state a claim: plaintiff seeks to bring suit for civil rights deprivations under 42 U.S.C. § 1983, for a writ of mandamus, and under state law. But plaintiff names a defendant (the Washington Department of Corrections) who is not amenable to suit

under 42 U.S.C. § 1983 and regarding whom this Court does not have jurisdiction to issue a writ of mandamus.

The Court will provide plaintiff with an opportunity to amend his proposed complaint to correct the deficiencies identified in this Order; however, the Court declines to rule or issue a report and recommendation on his IFP application until plaintiff has done so. Moreover, failure to timely comply with this Order will result in a recommendation that the matter be dismissed without prejudice.

**BACKGROUND**

Plaintiff filed his IFP motion March 27, 2021, and corrected his motion on April 8, 2021. *See* Dkts. 1, 5. Plaintiff seeks to bring suit against the Department of Corrections and unnamed defendants under 42 U.S.C. § 1983. *See* Dkt. 1-1, at 1. He also cites the mandamus statute, "42 U.S.C. § 1331 [sic]," and seeks to bring state law claims for "fraudulent representation" and "gross negligence." *See* Dkt. 1-1, at 1, 13–14. The Court interprets the citation to 42 U.S.C. § 1331 as a citation to 28 U.S.C. § 1361, the federal mandamus statute.

The requirements for relief under § 1983 are "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As relevant here, Washington State is not a "person" for purposes of § 1983, so that § 1983 claims against the State are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A state agency—such as the Washington Department of Corrections—is an arm of the state and therefore is not a "person" for § 1983 purposes, either. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990)).

The only named defendant in this suit is the Department of Corrections, so that plaintiff's suit fails to name a cognizable defendant for purposes of his § 1983 claims. If plaintiff wishes to press his claims under § 1983, he must amend his complaint to name a "person" or "persons" under § 1983 who have deprived him of constitutional rights. Plaintiff should be aware that state officials sued in their official capacities for damages are not "persons," either, although a § 1983 suit may be brought against state officials in their individual capacities for damages. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 n.69 (1997).

As for plaintiff's mandamus claim, the federal mandamus statute provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). But "[t]he federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. . . ." *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966); *see also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials[.]"). Plaintiff's claim for mandamus compelling the Department of Corrections to act is, therefore, legally frivolous and subject to dismissal.

Finally, plaintiff seeks to avail himself of the Court's federal question jurisdiction (*see* 28 U.S.C. § 1331) but fails to state any viable claim under federal law. Therefore, the Court does not address his supplemental state law claims. If plaintiff fails to amend his complaint to state an adequate claim under federal law, the Court will recommend dismissal of the state law claims. *See* 28 U.S.C. § 1367 (authorizing a court to dismiss supplemental state law claims where the district court has dismissed all claims over which it has original jurisdiction).

**CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK**

The Court will not rule on plaintiff's IFP application until he provides a proposed complaint that states a cognizable claim. Plaintiff shall respond to this Order by providing an amended proposed complaint on or before **May 21, 2021.** If plaintiff fails to do so, the Court will recommend dismissal of this matter.

Plaintiff should note that the amended proposed complaint will be a complete substitute for the prior proposed complaint and should not incorporate any portion of the prior proposed complaint by reference. The proposed complaint should be complete in itself and should not rely on other documents to set forth the allegations of the complaint. Plaintiff should amend his complaint to contain a short, plain statement of his claim against each defendant and to explain for each defendant how he has shown that person, acting under color of law, caused plaintiff to suffer a constitutional deprivation.

The Clerk's Office shall update the docket to re-note plaintiff's IFP application (Dkt. 5) for May 21, 2021, and to reflect that the response to this Order is due on the same date. The Clerk's Office shall provide plaintiff with a copy of this Order and the Court's form complaint for a civil rights violation where plaintiff is not in custody.

Dated this 16th day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge