UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERAZZE TAYLOR,<br><br>                Plaintiff,<br>    v.<br><br>WASHINGTON DEPT. OF CORRECTIONS, ALYSSA KEKOA-OSHIRO, JACQUELINE NELSON, DAVID SATHERS, JEFF KINNE, DANIELLE ARMBRUSTER, STEPHEN SINCLAIRE, MAURO PARTIDA, GWIN PENSROSE,<br><br>                Defendants. | CASE NO. 3:21-cv-05224-RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE |

       This matter comes before the Court on the Plaintiff's Motion for Reconsideration (Dkt. 97) and the Court's January 9, 2023 order to the parties to show cause, if any they have, why the Court should not decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice (Dkt. 93). The Court has considered the pleadings filed regarding the motion, and the responses to the order to show cause (Dkt. 93 Defendants' response) and (Dkt. 96 Plaintiff's response) and is fully advised.

ORDER ON MOTION FOR RECONSIDERATION AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE - 1

|   |   |
|---|---|
| 1 | In this case, the Plaintiff, *pro se,* asserts that the Defendants violated his rights under the |
| 2 | Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, the federal Health Insurance |
| 3 | Portability and Accountability Act ("HIPPA"), and state law in connection with his court |
| 4 | mandated supervised release following felony convictions.  Dkt. 9. |
| 5 | On January 9, 2023, the Defendants' motion for summary judgment on the Plaintiff's |
| 6 | federal claims was granted.  Dkt. 93.  In that order, the parties were ordered to show cause, if any |
| 7 | they had, why the Court should not decline to exercise supplemental jurisdiction over the |
| 8 | Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c) and dismiss them without prejudice. |
| 9 | *Id.*  (In his Amended Complaint, the Plaintiff asserts state law claims for "fraudulent |
| 10 | representation" and gross negligence and refers to false arrest and "wrongful forfeiture of bail." |
| 11 | Dkt. 9).  The January 9, 2023 order renoted the portion of the Defendants' motion for summary |
| 12 | judgment that addressed the Plaintiff's state law claims to January 20, 2023.  Dkt. 93.  The |
| 13 | background facts are in the Order on Defendants' Motion for Summary Judgment (Dkt. 93 at 1- |
| 14 | 10) and are adopted here, by reference. |
| 15 | On January 17, 2023, the Plaintiff filed the pending motion for reconsideration (Dkt. 97) |
| 16 | seeking reconsideration of the January 9, 2023 order dismissing his federal claims (Dkt. 93). |
| 17 | On January 17, 2023, the Plaintiff responded to the order to show cause, arguing that the |
| 18 | Court should retain supplemental jurisdiction over the state law claims.  Dkt. 96.  The |
| 19 | Defendants also responded and state that they have no cause to oppose the Court declining to |
| 20 | exercise supplemental jurisdiction over the state law claims and dismissing those claims without |
| 21 | prejudice.  Dkt. 94. |
| 22 | Also on January 17, 2023, the Plaintiff filed a Notice of Appeal with the Ninth Circuit |
| 23 | Court of Appeals, appealing the undersigned's January 9, 2023 Order.  Dkt. 95. |
| 24 |   |

This opinion should first consider whether it retains jurisdiction over the case in light of the Notice of Appeal, then the Plaintiff's motion for reconsideration (Dkt. 97), and then whether the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c) and dismiss them without prejudice.

## DISCUSSION

### A. NOTICE OF APPEAL

Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).

The January 9, 2023 Order on Defendants' Motion for Summary Judgment does not address all claims against all parties. No final judgment has been entered in this case. Plaintiff's Notice of Appeal (Dkt. 95) is defective in that it seeks to appeal an interlocutory order (Dkt. 93). This Court retains jurisdiction to decide the pending motion and address the responses to the order to show cause.

### B. MOTION FOR RECONSIDERATION

"Motions for reconsideration are disfavored." Local Rule W.D. of Wash. 7(h)(1). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule W.D. of Wash. 7(h)(1).

ORDER ON MOTION FOR RECONSIDERATION AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE - 3

1       The Plaintiff maintains that the Court erred when it dismissed his due process claims,
2 asserted under the Fourteenth and Fifth Amendments, and his Fourth Amendment claims for
3 "unreasonable searches and seizures." Dkt. 97. He contends these rights were violated while he
4 was a prisoner when Defendants applied a Department of Corrections ("DOC") policy which
5 prohibited him from signing a contract when he wanted to sign it without conditions set by the
6 policy. *Id.* The Plaintiff asserts that his rights were violated when his early release was delayed
7 and he was not permitted to move to his Pierce County, Washington home while on early release.
8 *Id.* He does not point to any evidence that a failure to train DOC employees resulted in a
9 constitutional violation but merely asserts that his rights were violated by their actions and
10 concludes that they were not properly trained. *Id.* He argues that the Court's reasoning was
11 flawed and that the Court did not draw "reasonable inferences" in his favor. *Id.* The Plaintiff
12 contends that "there are also several incidents that are entirely omitted from the opinion all
13 together." *Id.* He repeatedly argues that his rights were "clearly established." *Id.*

14       The Plaintiff's motion for reconsideration (Dkt. 97) should be denied. The Plaintiff has
15 failed to show a "manifest error in the prior ruling" or "new facts or legal authority which could
16 not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule
17 W.D. of Wash. 7(h)(1).

18       As was true in his response to the motion for summary judgment, the Plaintiff quotes the
19 language of these constitutional amendments but fails to cite any cases or other authority to
20 support his theory of their application to the facts presented here. While he maintains that
21 Court's reasoning was flawed, he has not shown how it was flawed. The Plaintiff's contention
22 that the Court did not afford him reasonable inferences is without merit. He fails to show that
23
24

the "omitted incidents" are supported by evidence, relate to his claims, and/or were actually omitted.

The Plaintiff's arguments that the Court erred in granting the individual Defendants qualified immunity is equally unavailing. Though the Plaintiff repeatedly contends that his rights were "clearly established," he fails to point to any law that supports his assertions. While case law directly on point is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7-8 (2021). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). No precedent was offered. The Plaintiff's broad statements are not sufficient.

His motion for reconsideration (Dkt. 97) should be denied and the January 9, 2023 Order on Defendants' Summary Judgment (Dkt. 93) should be affirmed.

## C.  SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over a state law claims if:  (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. All Plaintiff's federal claims have been dismissed. Dkt. 93. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1). These are issues for which the state court is uniquely suited. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this Court declining jurisdiction. Further, the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001.

The Court should decline to exercise supplemental jurisdiction over the state law claims pursuant to § 1367(c). The Defendants' motion for summary judgment on the state law claims (Dkt. 56) should be denied without prejudice. The Plaintiff's state law claims should be dismissed without prejudice and this case should be closed.

## **ORDER**

It is **ORDERED** that:

- The Plaintiff's Motion for Reconsideration (Dkt. 97) **IS DENIED;**

- The January 9, 2023 Order (Dkt. 93) **IS AFFIRMED;**

- The Court **DECLINES** to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c);

- The Defendants' motion for summary judgment on the Plaintiff's state law claims (Dkt. 56) **IS DENIED WITHOUT PREJUDICE**;

- The Plaintiff's state law claims **ARE DISMISSED WITHOUT PREJUDICE;** and

ORDER ON MOTION FOR RECONSIDERATION AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE - 6

- This case **IS CLOSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of January, 2023.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge